```
                   IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON


JOHN DELIA,                        )
                                   )
          Plaintiff,               )    Civil. No. 05-6123-HO
                                   )
                                   )
               v.                  )    ORDER
                                   )
BENTON COUNTY,                     )
                                   )
          Defendant.               )
_____)
```

Defendant Benton County interviewed plaintiff John Delia in May and June of 2004 for the position of law enforcement lieutenant. After a lengthy application process, defendant extended plaintiff a conditional job offer contingent on his passing a background investigation, medical examination and psychological testing. Defendant revoked the job offer after the Sheriff's Office purportedly discovered that plaintiff was not suited for the job requirements based on performance issues in a

similar position at his prior job. Plaintiff alleges that defendant either hired plaintiff and then discharged him or refused to hire based on various unlawful discriminatory grounds. Specifically, plaintiff alleges claims for: (1) First Amendment retaliation pursuant to 42 U.S.C. § 1983; (2) religious discrimination pursuant to 42 U.S.C. § 2000e-2(1); (3) discrimination for protected speech pursuant to 42 U.S.C. § 2000e-3; (4) whistle blower retaliation for reporting violations of law by a former employer pursuant to ORS § 659A.203; (5) retaliation for pursuing a civil proceeding against a former employer pursuant to ORS § 659A.230; and (6) common law wrongful discharge. Defendant moves for summary judgment on all of plaintiff's claims.

Plaintiff has withdrawn his claim for religious discrimination and summary judgment is denied as moot on that claim. Defendant also moves to strike certain exhibits filed by plaintiff in response to the motion for summary judgment.

A.   First Amendment Retaliation Claim

In plaintiff's first claim, he alleges violation of 42 U.S.C. § 1983 in that defendant deprived plaintiff of his right to free speech. Plaintiff alleges that in April of 2001, he sued his former employer, The City of Aberdeen, Washington, alleging certain improper governmental actions taken by the former chief of police and others within the Aberdeen Police Department. Plaintiff

suffered subsequent adverse employment actions as a result of reporting the conduct, including discharge. Plaintiff contends, in this case, that he was discharged or not hired in retaliation for the previous suit against the City of Aberdeen. Plaintiff sues defendant Benton County for the conduct of Sheriff James Swinyard with respect to his decision to discharge plaintiff or alternatively not to hire plaintiff.

Congress did not intend local governments to be held liable under section 1983 unless action pursuant to official government policy of some nature caused a constitutional tort." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 691 (1978).[1] A local government may be responsible for a single decision by government policymakers under appropriate circumstances. Where a decision to adopt a particular course of action is properly made by that government's authorized decisionmakers, it represents an act of official government "policy" as that term is commonly understood. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481 (1986). Where action is directed by those who establish governmental policy, the local government is equally responsible whether that action is to be taken only once or to be taken repeatedly. <u>See</u>, <u>id</u>. However, not every decision by governmental

---

[1] Defendant argues that plaintiff fails to even plead the alleged constitutional violation occurred as a result of the implementation of a custom or policy of Benton County. But given Swenyard's hiring and firing authority there could be a set of facts to establish the requisite policymaking with regard to personnel matters such as eligibility requirements for various positions. This is a motion for summary judgment and the court will examine the evidence plaintiff plans to offer rather than dismissing the claim on the pleadings.

3 - ORDER

officers automatically subjects the government to section 1983 liability. Government liability attaches only where the decisionmaker possesses final authority to establish government policy with respect to the action ordered. Id. The fact that a particular official, even a policymaking official, has discretion in the exercise of particular functions does not, without more, give rise to government liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the County can be held liable. See, id. at 482-83.

Sheriff Swinyard states in his affidavit that his decision not to hire plaintiff was an administrative decision that had nothing to do with any policy or custom of the County.

Plaintiff concedes that where a county sheriff has discretion to hire and fire employees without also being the county official responsible for establishing county policy, a decision respecting employment would not give rise to county liability. However, plaintiff contends that the County Commissioners delegated its power to establish final employment policy because Swinyard was solely responsible for the decision whether to hire an applicant for the position of lieutenant or fire the lieutenant after he had been employed.

Plaintiff must show that the County Commissioners delegated hire and firing authority to the Sheriff, the exercise of which was

final and not subject to review. Plaintiff offers Swinyard's statement that he is authorized to make hiring and firing decisions. Affidavit of James W. Swinyard at ¶ 13 (#57). Plaintiff also offers the statement of Undersheriff Diana Simpson that the Sheriff has the sole decision to hire and fire. Diana Simpson Deposition at pp. 55-56 (attached to #103). While plaintiff acknowledges that the Sheriff had to check with the County Commissioners regarding whether he could hire plaintiff at a step hire than beginning wage, Affidavit of John Delia at ¶ 18. (#71), defendant does not offer the portion of the County policy in which the Commissioners retain some authority over final decisions to hire and fire and official personnel policy. Thus, issues of fact are present as to whether Swinyard was a final policymaker as to official personnel action. The motion for summary judgment is denied on this basis at this time.

In addition, defendant claims there is no evidence to suggest that plaintiff's statements with respect to the Aberdeen police department were in any way a factor in the decision not to hire him.

> In order to establish a prima facie case of retaliation under the First Amendment, [plaintiff] must show that (1) [he] engaged in protected speech; (2) the defendants took an "adverse employment action" against [him]; and (3) [his] speech was a "substantial or motivating" factor for the adverse employment action.

Thomas v. City of Beaverton, 379 F.3d 802, 807-08 (9th Cir. 2004).

Once a prima facie claim is established, the burden shifts to the defendant to demonstrate either that, under the balancing test established by <u>Pickering v. Board of Education</u>, 391 U.S. 563, 568 (1968), the employer's legitimate administrative interests outweigh the employee's First Amendment rights or that, under the mixed motive analysis established by <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 287 (1977), the defendant would have reached the same decision even in the absence of the plaintiff's protected speech. <u>Ulrich v. City & County of San Francisco</u>, 308 F.3d 968, 976-77 (9th Cir. 2002).

Defendant assumes for the purpose of this motion that plaintiff engaged in protected speech, but contends that there is no evidence to establish that defendant's actions were intended to deter plaintiff's speech or that his speech was a substantial motivating factor in the decision respecting plaintiff's employment. Defendant asserts that Swinyard declined to hire plaintiff due solely to concerns over plaintiff's ability to perform the administrative and managerial aspects of the Lieutenant's position

Plaintiff asserts that he raised complaints regarding the management and ethical decisions of his supervisor, the Aberdeen chief of police, while he was a captain with the Aberdeen police. Plaintiff pursued his complaints through the court system in 2001.

Plaintiff contends that defendant retaliated against him in 2004 for raising issues of wrongful conduct by Aberdeen officials.

Plaintiff contends that he was given an unconditional job offer.[2]  Even if he had been unconditionally offered the job, this does not establish motive for withdrawing the job offer.

Plaintiff contends that the failure of Benton County to conduct an exit interview or to articulate a reason for the discharge (or failure to hire) until after this litigation had been filed is evidence of the discriminatory basis for the employment decision.  Plaintiff also relies on failure to follow policies such as making conditional job offers in writing to establish discriminatory motivation.  In addition, plaintiff contends that background investigator Andrew Olsen's antipathy toward him also provides evidence that plaintiff's Aberdeen complaints were a motivating factor for the employment decision.

With respect to Olsen's alleged antipathy toward plaintiff, plaintiff attempts to portray Olsen as opposed to his employment. But as to motivation, at best plaintiff offers a hearsay statement that requires speculation to surmise motivation based on the Aberdeen complaints.  Plaintiff offers the Affidavit of Douglas

---

[2] However, plaintiff acknowledged during his deposition that he had been given a conditional job offer based upon passing the psychological and background test.  Deposition of John Delia at p. 22 (attached to affidavit of Kimberlee C. Morrow (#54) as exhibit A).  Other than his own statements now, plaintiff offers only hearsay to the contrary.  Although plaintiff contends that it is the policy of Benton County to make conditional job offers in writing and since no writing has been produced that there is an issue of fact, plaintiff's acknowledgment that the offer was conditional leads to only one reasonable conclusion.

7 - ORDER

Lewis that Olsen asked him whether plaintiff was the kind of subordinate who would take the fall for Swinyard should he implement a department policy that later goes bad to protect the Sheriff's political image. Lewis interpreted the question as reminiscent of the request of the Aberdeen police chief to have plaintiff overlook activities that plaintiff later complained about. See Affidavit of Douglas Lewis (#80) at ¶ 3. This hearsay statement and subsequent speculative interpretation is insufficient to establish issues of fact as to the motivation of Olsen and Swinyard with respect to Swinyard's employment decision.[3]

It appears that plaintiff can only present evidence that he was conditionally offered the job of Lieutenant with Benton County, that three years prior he had made complaints about his former employer, and that the job offer was subsequently withdrawn. There is scant evidence of motivation with, but some evidence that Swinyard gained more knowledge about the Aberdeen lawsuit after the conditional offer, but prior to his decision not to hire.[4]

---

[3] However, Lewis can provide evidence of the fact that the question was asked regardless of truth of the matter asserted and the lack of any note of this question in the report could provide a credibility issue for Olsen as to whether he set in motion the events that lead to plaintiff not being hired. Lewis did state that he told Olsen he did not think plaintiff would compromise his values in the manner suggested.

[4] Plaintiff suggests that Swinyard testified at his deposition in March of 2006 that he knew very little about the Aberdeen lawsuit prior to the background investigation but that he stated in May of 2006 that he discussed the lawsuit extensively prior to the background check. Plaintiff does not provide a cite for the deposition. Plaintiff does provide similar evidence concerning Olsen in which he testified he only knew what was on the back of the application and then stated later that he was fully informed. Plaintiff interprets this evidence as providing issues of fact as to motivation.

8 - ORDER

Plaintiff does not dispute that Swinyard had some knowledge of the Aberdeen lawsuit and still made the conditional offer. To conclude that Swinyard was motivated in part by plaintiff's protected speech in the Aberdeen case when he decided to pull the job offer borders on speculation. Nonetheless, the court is hesitant to grant summary judgment on the record at this time. Evidence that Swinyard became fully aware of the protected speech activities after the background investigation does raise an issue of fact.

There is also the issue of whether plaintiff surrendered his first Amendment rights with respect to his Aberdeen statements. The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern. <u>See</u>, <u>Pickering</u> 391 U.S. at 568. Courts need to arrive at a balance between the interests of the government employer, as a citizen, in commenting upon matters of public concern and the interest of the government, as an employer, in promoting the efficiency of the public services it performs through its employees. <u>Id</u>.

<u>Pickering</u> identifies two inquiries to guide interpretation of the constitutional protections accorded to public employee speech. The first requires determining whether the employee spoke as a citizen on a matter of public concern, and, if the answer is yes, then the question becomes whether the relevant government entity

9 - ORDER

had an adequate justification for treating the employee differently from any other member of the general public. Id. However, when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. See Garcetti v. Ceballos, 126 S.Ct. 1951, 1960 (2006). Defendant contends that plaintiff had a duty as a captain in the Aberdeen police department to report ethical violations and mismanagement of his department. However, plaintiff was not acting in his official capacity when he sued the Aberdeen police department for retaliating and discriminating against him. Moreover, Benton County has no reason to regulate plaintiff's speech made with respect to his employment for another employer.

B.   Title VII Retaliation for Protected Speech

Plaintiff alleges that defendant discriminated against plaintiff for opposing unlawful employment practices by the City of Aberdeen in violation of 42 U.S.C. § 2000e-3. In order to prevail on this claim, plaintiff must show that the position for which he applied was eliminated or not available to him because of his protected activities. Ruggles v. California Polytechnic State University, 797 F.2d 782, 786 (9th Cir. 1986). The burden then shifts to defendant to articulate some legitimate,

nondiscriminatory reason for the adverse employment decision. If the defendant is successful, the plaintiff must then prove by a preponderance of the evidence that the proffered reasons are pretexts for retaliation or that a discriminatory reason more likely motivated the employer's action. Id. The evidence that knowledge of the complaints plaintiff made in the Aberdeen case became more concrete after the background investigation makes summary judgment on this claim inappropriate at this time.

C.   ORS § 659A.203 and ORS § 659A.230

Plaintiff alleges state law claims for unlawful employment practices. These statutes proscribe certain activities by employers against employees. As noted above, plaintiff acknowledged that his job offer was conditional. The evidence plaintiff provides to support preparations for his employment both by the County and his family do not create a triable issue of fact as to whether he was an employee at the time defendant allegedly made the decision to revoke the job offer for unlawful reasons.

Plaintiff also contends that applicants for employment are protected by the above statutes. However, plaintiff provides no authority for such proposition and the clear language of the statute indicates that they apply in the employee/employer context. Compare ORS § 659A.030 (provides protections to applicants as well as employees) with ORS § 659A.203 and 230 (does not include

11 - ORDER

applicants). The motion for summary judgment is granted as to these claims.

D.  Wrongful Discharge

Plaintiff alleges that defendant wrongfully discharged or wrongfully refused to hire plaintiff under Oregon common law.

Generally, in the absence of contract or legislation to the contrary, an employer can discharge an employee at any time and for any cause. Conversely, an employee can quit at any time for any cause. Nees v. Hocks, 272 Or. 210, 216 (1975). But, there can be circumstances in which an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done. Id. An employer commits the tort of wrongful discharge when it terminates employment for exercising a job-related right, for complying with a public duty or for performing an important obligation in the public interest. Sheets v. Knight, 308 Or. 220, 230-31 (1989) (abrogated on other grounds McGanty v. Staudenraus, 321 Or. 532 (1995)). Plaintiff provides no authority that an applicant for employment can be considered an employee for purposes of wrongful discharge. The motion for summary judgment is granted as to this claim.

E.   Motion to Strike

Defendant moves to strike much of the materials plaintiff submitted in opposition to the motion for summary judgment. Plaintiff has not responded to the motion, but did file supplements to plaintiff's summary judgment response in an apparent attempt to cure some of the deficiencies noted by defendant.

1.   Affidavit of John Delia

a.   Paragraphs 1-10

Defendant moves to strike the recitation of plaintiff's professional history as immaterial. The motion to strike is denied as plaintiff's qualifications can rebut defendant's reasons for failing to hire.

b.   Paragraph 15

Plaintiff states what the Candidate Scoring Table categories were and where he scored in comparison to other applicants. Defendant objects as to foundation and relevance. The motion is granted as plaintiff does not provide the documents themselves or an basis for authentication.

c.   Paragraphs 18-24

Defendant moves to strike plaintiff's recounting of conversations he had with his wife and with Benton County Sheriff

as immaterial and hearsay.  Much of the information is used as an attempt to show that plaintiff had been hired unconditionally and while some of it might be admissible for effect on the listener, it should not be used to assert the truth of the matter asserted especially in light of the fact that plaintiff acknowledged a conditional offer of employment.

### d.   Paragraph 26

Plaintiff states that he has compared Olsen's background investigation with a copy of Olsen's handwritten notes, that he prepared a comparison chart, and then he asserts there are 45 positive comments omitted from the written report.  Defendant moves to strike as immaterial.  The motion is denied as plaintiff may use such evidence (assuming he can produce the notes and report for authentication) to rebut the legitimate reason offered by defendant for failure to hire.

### 2.   Exhibit 2 Comparison

This is the comparison chart noted above.  Defendant moves to strike as not properly authenticated.  The motion is granted with leave to authenticate.

14 - ORDER

### 3.   Affidavit Excerpts of John Delia, Debra Delia, James Swinyard, Diana Simpson, Andrew Olson and Libet Hatch

Defendant moves to strike because plaintiff failed to properly authenticate the depositions with a reporter's certification. Plaintiff has supplemented the record with reporters' certification and the motion is denied with regard to these documents.

Defendant also objects to the failure to highlight the portions of the depositions that plaintiff seeks to rely upon. The motion to strike probably is denied on this basis as well.

Defendant also raises hearsay objections and relevance objections. Hearsay was not considered for the truth of the matter asserted and to the extent plaintiff relies on purely speculative statements they were not considered either.

### 4.   Exhibit 11 (Notes)

Defendant objects for lack of foundation. These are apparently Olsen's notes. The motion to strike is granted with leave to authenticate.

### 5.   Affidavit of Douglas Lewis

To the extent this affidavit contains hearsay or contains pure speculation, it has not been considered.

### 6. Affidavit of Erik Kupka

To the extent hearsay is contained in this affidavit or contains a lack of knowledge for the statements made, it has not been considered.

### CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (#51) is granted in part and denied in part and defendant's motion to strike (#99) is granted in part and denied in part.

DATED this __29th__ day of December, 2006.

>    s/ Michael R. Hogan
>    United States District Judge